## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MARTIN EVANS and KATHLEEN EVANS, | |
| **Plaintiffs,** | **MEMORANDUM DECISION AND ORDER** |
| vs. | **Case No.  2:11CV547DAK** |
| RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA; THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF ALTERNATIVE LOAN TRUST SERIES 2003-7T1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-17 BY BAC HOME LOANS SERVICING , L.P.; | **Judge Dale A. Kimball** |
| **Defendants.** | |

This matter is before the court on a motion to dismiss by Defendants ReconTrust

Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"),

Bank of America, N.A. ("BANA"), and The Bank of New York Mellon as Trustee for the

Certificate Holders of Alternative Loan Trust, Series 2003-7T1 Mortgage Pass-Through

Certificates, Series 2003-17 ("BNYM").  On January 11, 2012, the court noticed a hearing on the

motion for March 19, 2012, at 3:00 p.m.  On March 19, 2012, however, Defendants' counsel,

Chandler P. Thompson appeared but Plaintiffs' counsel, Randy B. Birch, did not appear.  At the

hearing, the court instructed Defendants' counsel that it would decide the matter on the briefs.

The court, however, asked Defendants' counsel one question–whether there was a notice of default currently on the property or if the Plaintiffs had become current on the mortgage. Defendants' counsel responded that a Substitution of Trustee and Notice of Default and Election to Sell had been recorded recently and he provided the court with copies of those documents. The court then took the matter under advisement.  The court has considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

In April 2003,  Plaintiffs Martin and Kathleen Evans obtained a $468,000 refinance loan from Countrywide Home Loans for their home in Wallsburg, Utah.  The loan was secured by a deed of trust recorded against the property which lists Countrywide as the lender, Chicago Title Insurance Co. as the trustee, and MERS as the beneficiary.

Plaintiffs admit that they defaulted on their mortgage in 2010.  On September 21, 2010, MERS recorded an assignment of its beneficiary interest under the deed of trust to BNYM, BNYM then recorded a substitution of trustee naming ReconTrust as trustee, and ReconTrust filed a Notice of Default and Election to Sell.  The Notice of Default indicates that payments were due for the months of June 2010 through September 2010.   The foreclosure sale on their property was scheduled for December 2010.

Sometime in April or Mary of 2010, Plaintiffs contacted BAC Home Loans Servicing ("BAC"), their loan servicer, regarding a loan modification.  They submitted a loan modification package on May 25, 2010, which was lost.  On September 23, 2010, Plaintiffs resubmitted the package and then resubmitted it again in December 2010.  The foreclosure sale initially set for

December 2010 was delayed several times while the loan modification package was being

considered.  Plaintiffs state that they contacted BANA every few days throughout the month of

January 2011, but received little substantive information.

On May 4, 2011, BAC informed Plaintiffs that it had reviewed their request for

participation in the federal government's Home Affordable Foreclosure Alternatives (HAFA)

Short Sale Program, but Plaintiffs did not meet the eligibility requirements to participate.

On May 23, 2011, Plaintiffs filed the present action in state court alleging that they were

entitled to a loan modification and that ReconTrust did not have authority to conduct a

foreclosure in Utah.  At that time, the foreclosure sale was scheduled for June 9, 2011.  However,

it was postponed again because of the lawsuit.

In June of 2011, Defendants removed the case to this court and filed a motion to dismiss

the Complaint, arguing that Plaintiffs were not entitled to a loan modification and that

ReconTrust has authority to conduct a foreclosure in Utah.  Plaintiffs did not respond to the

motion, and this court dismissed the case.  Plaintiffs then sought to have the case reopened,

asserting that they had not received the motion to dismiss.  The court granted Plaintiff's motion

to reopen the case, and the parties proceeded to brief the motion to dismiss.

On October 19, 2011, prior to Defendants' filing of their reply memorandum, ReconTrust

filed a Cancellation of Notice of Default with respect to Plaintiff's mortgage.  In its Reply

memorandum in support of its Motion to Dismiss, Defendants argued that many of Plaintiffs'

causes of action were mooted by the cancellation of the notice of default.  The court allowed

Plaintiffs to file a Surreply regarding whether their claims were now moot.  On December 22,

2011, Plaintiffs filed their Surreply and requested oral argument on the motion.  On January 11,

2012, the court issued a notice of hearing setting oral argument on the motion for March 19,

2012.

On March 6, 2012, Armand J. Howell, as Successor Trustee, filed a Notice of Default and

Election to Sell on the property.  On March 14, 2012, BNYM filed a Substitution of Trustee

naming Armand J. Howell as Successor Trustee.  Armand J. Howell is an attorney and member

of the Utah State Bar.  The Substitution of Trustee had been executed on March 9, 2012.

## DISCUSSION

## Motion to Dismiss

Defendants bring a motion to dismiss Plaintiffs' Complaint each of the causes of action in

Plaintiffs' Complaint.  Plaintiffs' Complaint alleges causes of action for (1) estoppel, (2)

negligence, (3) negligent misrepresentation, (4) breach of covenant of good faith and fair dealing,

and (5) improper execution of foreclosure proceedings.

## 1.  Improper Foreclosure Claims

Because ReconTrust filed a Cancellation of Notice of Default, represented to the court

that it will not conduct a foreclosure on the property, and BNYM filed a Substitution of Trustee

naming a licensed Utah attorney as the successor trustee to conduct the foreclosure in the case,

Defendants argue that Plaintiffs' breach of the covenant of good faith and fair dealing claim and

improper execution of foreclosure proceedings claim against ReconTrust are moot.

Plaintiffs' breach of the covenant of good faith and fair dealing claim alleges that

Defendants "have attempted to complete a nonjudicial foreclosure of the Property while failing to

comply with Utah law," specifically "the duties imposed on parties acting as beneficiaries and

trustees as described" in Utah's nonjudicial foreclosure act.  Plaintiffs' improper execution of

foreclosure proceedings claim alleges that Defendants have violated Utah's nonjudicial foreclosure act.  In response to Defendants' motion to dismiss, Plaintiffs have explained that these causes of action are based on ReconTrust acting as a trustee when Plaintiffs do not believe it can act in such a role under Utah law.

Plaintiffs argue that even though ReconTrust is no longer the trustee, the causes of action based on ReconTrust improperly acting as trustee are not moot because they have suffered damages.  Plaintiffs' cause of action for improper execution of foreclosure proceedings alleges that they are entitled to a court order "enjoining and restraining the Defendants or any other individual or entity from selling, attempting to sell or initiating any proceeding to sell the Property pursuant to the Deed fo Trust."  Compl. ¶ 64.  Plaintiffs also allege that Defendants' violation of Utah's nonjudicial foreclosure act have "harmed Plaintiffs by subjecting them to mental distress and anxiety due to the imminent foreclosure of their personal residence, attorneys' fees to defend the wrongful attempted foreclosure, as well as other harms."  *Id.* ¶ 63.  Plaintiffs' breach of the covenant of good faith and fair dealing claim does not state how the alleged violation has harmed Plaintiffs and alleges only that "Defendants are liable to Plaintiffs in an amount to be proven at trial."

The only damages recognized for an unauthorized trustee under Utah's nonjudicial foreclosure statutes are for an unauthorized trustee conducting an unauthorized sale.  Utah Code Ann. § 57-1-23.5(2)(a).  A prevailing party in a claim under Subsection (2)(a) can receive costs and attorney fees.  However, no sale occurred here and no damages are provided for an alleged unauthorized notice of default.  Therefore, the court concludes that the causes of action based on ReconTrust acting as trustee are moot.

To the extent that Plaintiffs' fifth cause of action seeks a court order "enjoining and restraining . . . any other individual or entity from selling, attempting to sell or initiating any proceeding to sell the Property pursuant to the Deed fo Trust," the cause of action is without merit.  The court cannot enjoin or restrain a licensed Utah attorney from acting as a trustee when the statute specifically permits him to act in such a role and he has properly been designated as trustee.

**2.  Estoppel**

Plaintiffs' first cause of action for estoppel contains two parts.  First, Plaintiffs seek to have the scheduled foreclosure estoped on the grounds that ReconTrust is not authorized to act as trustee.  As with the above claims, the court finds that portion of the estoppel claim to be moot now that a licensed Utah attorney has been designated as trustee.  The second part of Plaintiffs' estoppel claim alleges that Defendants have failed to respond properly with respect to their application to modify their loan.

Defendants argue that Plaintiffs do not and cannot plead that they were ever promised a loan modification.  Plaintiffs contend that they state a claim for estoppel by alleging that they submitted a loan modification application pursuant to BANA's instructions and encouragement, despite such encouragement, BANA refused to process, accept, or reject the application, and BANA refused to cancel the foreclosure action pending review of the application.  Plaintiffs also assert that they reasonably relied on BANA and other Defendants as demonstrated through their consistent effort in contacting BANA and trying to work with Defendants.  Plaintiffs contend that Defendants knew or should have known that Plaintiffs would rely on BANA's offer to consider a loan modification.

To state a claim for promissory estoppel, the promise must be sufficiently definite for plaintiffs to rely on it to their detriment. *Nunley v. Westates Casing Servs., Inc.*, 989 P.2d 1077, 1089 (Utah 1999). Even if Defendants encourage Plaitniffs to apply for a loan modification, Plaintiffs state only that BANA offered to consider the application for a loan modification. A party offering to consider an application for a loan modification is not promising a loan modification. Plaintiffs allege that Defendants did not act on the loan modification application, but the application was denied. It is also not objectively reasonable to rely on a promise that is not sufficiently definite. Accordingly, Plaintiffs have not stated a cause of action for estoppel.

## 3. Negligence

Defendants contend that Plaintiffs' negligence claim is nothing more that conclusory statements of law. Plaintiffs allege that Defendants owed them a duty to consider and respond to their requests timely, but the alleged breach of duty under Utah Code Ann. § 57-1-21 has no relationship to the alleged duty. There is no duty under Utah law to modify a borrower's loan. A trustee under a trust deed fulfills its duty by complying with the requirements of Utah's non-judicial foreclosure statute. Other than the allegation that ReconTrust cannot act as a trustee, which is now moot, there is no allegation that Defendants did not comply with the statute.

## 4. Negligent Misrepresentation

Under their negligent misrepresentation claim, Plaintiffs allege that they reasonably relied on Defendants' "careless or negligent misrepresentations of material facts regarding the identities of the beneficiary, the trustee, the status of their loan modification, as well as other material terms." Plaintiffs argue that ReconTrust misrepresented to Plaintiffs that it was a legal fiduciary authorized to proceed on the foreclosure. Plaintiffs claim that Defendants were in a superior

position to know that these representations were wrong and should have known that Plaintiffs

would rely on them.  However, to the extent that the claim is based on ReconTrust acting as

trustee, the claim is moot.

Plaintiffs claim for the first time in their opposition to the motion to dismiss that they

have stated a cause of action for negligent misrepresentation based on BANA's repeated

misrepresentations about its investigation of Plaintiffs' application for a loan modification.  This

is not alleged in Plaintiffs' Complaint.  Even if the court were to allow these allegations as part

of Plaintiffs' negligent misrepresentation claim, Plaintiffs cannot allege that they suffered any

harm.  Plaintiffs' supplemental declaration, dated May 22, 2011, attaches a letter stating that

Plaintiffs' application was denied.  Defendants had no duty to grant a modification of the loan.

Moreover, to the extent that Plaintiffs applied for a loan modification under the federal Home

Affordable Modification Program ("HAMP"), several courts have concluded that HAMP-based

claims, such as Plaintiffs' negligent misrepresentation claim, are barred because there is no

private right to action under HAMP.  *See, e.g., Shurtliff v. Wells Fargo Bank, N.A.,* 2010 WL

4609307, *3 (D. Utah Nov. 5, 2010).

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED.

Plaintiffs' Complaint is dismissed, each party to bear his, her, its own costs, and the Clerk of

Court is directed to close the case.

DATED this 29th day of March, 2012.

_____
DALE A. KIMBALL,
United States District Judge